**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 04-3023-CR-S-RED |
| ) | |
| **CESAR RAUL JARA,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

Now pending before the Court is Defendant's Motion for New Trial (Doc. 97). The Government has filed a Response to Defendant's Motion for a New Trial (Doc. 104). The Court may grant Defendant's request for a new trial if the interest of justice so requires. *See* Fed. R. Crim. P. 33. Defendant asserts four separate grounds upon which he argues he is entitled to a new trial. For the reasons set forth below, Defendant's Motion is **DENIED.**

### I. Factual and Procedural History

The Defendant Cesar Jara was indicted by a federal grand jury on February 25, 2004, for possessing with intent to distribute 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). (Doc. 4) Defendant file a motion to suppress this evidence, and a hearing was held before the Honorable James C. England, United States Magistrate Judge for the Western District of Missouri. Judge England subsequently issued a report and recommendation that Defendant's motion to suppress be denied, which was subsequently adopted by this Court in its entirety (Doc. 43). A trial by jury was held in this Court on March 21, 2005, and on March 23, 2005, the jury handed down a verdict finding the Defendant guilty as charged in the indictment (Doc. 89). Defendant, after several extensions of time by this Court, timely filed his Motion for New Trial on April 28, 2005, pursuant

to Federal Rule of Criminal Procedure 33. (Doc. 97)

## II. Discussion

Defendant raises four primary issues for consideration in his Motion for New Trial. First, Defendant moves for a new trial on grounds that the verdict is contrary to the weight of the evidence. Second, Defendant contends that there was insufficient evidence for his conviction. Third, Defendant asserts that the Court erred by refusing to give jury instructions on Defendant's theory of defense. Lastly, Defendant argues that his procedural due process rights under the Fifth Amendment were violated by conduct of the Government during cross examination and closing argument. Each of these arguments is discussed separately below.

*A. Weight of the Evidence*

Defendant's first contention is that the Court should grant a new trial because the "evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred." *United States v. Espinosa,* 300 F.3d 981, 983 (8th Cir. 2002). In support of this proposition, Defendant divides this argument into three subparts.

**i. The Government's Evidence did not Establish Beyond a Reasonable Doubt All the Elements of the Crime**

Defendant first challenges his conviction under 21 U.S.C. § 841(a)(1) and (b)(1)(A) on the basis that the Government did not prove beyond a reasonable doubt that he was knowingly in possession of the contraband marijuana. Defendant's argument is that the Government presented no *direct* evidence that Defendant knew he was transporting the marijuana, and that there existed direct evidence contradicting the testimony of one of the Government's witnesses.

This argument is without merit. At trial, the jury was instructed that the law "makes no distinction between direct and circumstantial evidence." Jury Instruction No. 2; *Manual of Model*

*Criminal Instructions for the Eighth Circuit* (2003) No. 1.03. As such, the Government was not obligated to present any direct evidence that Defendant was in possession of the contraband. Moreover, it is well established that the Government may prove knowledge through only *circumstantial* evidence. *United States v. Martinez,* 168 F.3d 1043, 1048 (8th Cir. 1999); *United States v. Ojeda*, 23 F.3d 1473, 1476 (8th Cir. 1994).

Here, the Government's evidence was more than sufficient to establish knowledge on behalf of the Defendant. For one, the jury heard testimony from four law enforcement officers that Defendant had confessed to transporting the marijuana. This confession was further corroborated by Defendant's stated explanation that he was traveling to an unknown destination with a trailer that was "probably empty" to pick up a rejected load of candy, and by repeated cellular calls from "Miranda" inquiring into defendant's involvement with law enforcement. Finally, evidence of Defendant's involvement as an informant after a conviction for transporting marijuana was also admitted. Since there was ample evidence presented from which a reasonable jury could infer that Defendant had knowledge of the marijuana, Defendant's argument that the Government failed to establish the element of knowledge beyond a reasonable doubt must fail.

**ii. Defendant's Conviction Cannot Rest Solely on an Uncorroborated Confession**

Defendant's second argument is that his conviction was based entirely on his uncorroborated confession that he was transporting marijuana, unsupported by independent evidence from the Government. Defendant contends the only evidence the Government presented that Defendant knew he was transporting marijuana was the testimony of four investigating officers to whom Defendant confessed that he was transporting one-hundred pounds of marijuana.

This contention is erroneous. As previously discussed, the Government presented corroborating evidence at trial separate from Defendant's confession by which a reasonable jury

Case 6:04-cr-03023-RED   Document 105   Filed 12/05/05   Page 3 of 7

could infer knowledge on behalf of the defendant. Therefore, Defendant's assertion that the confession was uncorroborated must fail.

### iii. The Court's Admission of Prior Similar Acts was Highly Prejudicial

Defendant next argues that the testimony of Special Agent Michael Mokhoff about Defendant's previous involvement as a Federal Bureau of Investigation ("FBI") informant following a prior conviction for transportation of marijuana was highly prejudicial and resulted in an unfair trial. Defendant posits that the Government offered this testimony in lieu of independent evidence of Defendant's knowledge.

Evidence of similar acts is governed by Federal Rule of Evidence 404(b). Rule 404 prohibits introduction of prior convictions to show a defendant's character, but allows such evidence to prove, among other things, a defendant's motive, intent, opportunity and knowledge. Fed. R. Evid. 404(b). Evidence of a prior conviction is admissible only if it is 1) relevant to a material issue, 2) similar in kind and not too remote in time to the charged crime, 3) supported by sufficient evidence, and 4) such that its probative value is not substantially outweighed by its potential prejudice. *U.S. v. Frazier,* 280 F.3d 835, 847 (8th Cir. 2002).

Here, the Government was required to prove knowledge and intent as elements of the charged offense. *See* 21 U.S.C. § 841(a)(1) and (b)(1)(A). Therefore, evidence of Defendant's participation in controlled deliveries, after his arrest for transporting marijuana, was admissible evidence of prior similar acts for the purpose of establishing the elements of intent and knowledge of the charged offense. Indeed, the similarity between the prior incidents and the present one gives the incidents substantial probative value. *United States v. Vieth*, 397 F.3d 615, 618 (8th Cir. 2005).

*B. Sufficiency of the Evidence*

-4-

Defendant's next argument is that the evidence presented in the case was insufficient to submit the case to the jury. Essentially, Defendant argues that the only unconverted evidence presented against him was that 1) Defendant was found driving a truck packed with approximately 3,000 pounds of marijuana; and 2) that he initially identified himself as his brother, Jose Luis Jara.

When evaluating evidentiary sufficiency, the evidence is viewed "in the light most favorable to the Government, resolving all evidentiary conflicts in favor of the Government and accepting all reasonable inferences drawn from the evidence that support the jury's verdict." *United States v. Espino,* 317 F.3d 788, 792 (8th Cir. 2003). A verdict will be reversed "only if no reasonable jury could have found [the defendant] guilty beyond a reasonable doubt." *United States v. Swayze,* 378 F.3d 834, 837 (8th Cir. 2004).

At trial, the Government presented ample evidence from which a reasonable jury could have reached their conclusion. Defendant confessed that he was knowingly transporting marijuana for distribution. This admission was further corroborated by other evidence, including Defendant's explanations and interactions with law enforcement authorities. Finally, evidence of Defendant's prior conviction and informant role were also admitted. Therefore, the Court is persuaded that there was sufficient evidence presented from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt.

*C. The Defendant was Entitled to Jury Instructions on His Theory of Defense*

Defendant further contends that he is entitled to a new trial because certain jury instructions were not given on Defendant's theory of defense. Specifically, Defendant concludes that the Court erred by not giving the following proposed jury instructions: Eighth Circuit Model Jury Instruction Nos. 2.07, 7.03, 9.00 and 9.05 (2003) and Modern Federal Jury Instructions Nos. 56-5 and 56-6

(Matthew Bender 1997). As a whole, Defendant contends that such instructions "would have placed the jury's focus, *i.e.,* on the government's burden to prove its case-in-chief beyond a reasonable doubt, that is, whether or not Mr. Jara knew he was transporting contraband." (Doc. 97)

The Court first notes that Eighth Circuit Model Jury Instruction Nos. 2.07 and 7.03 were properly excluded, as they were not applicable in the instant case.[1] As to Defendant's remaining proposed instructions, it is well established that defendant is not entitled to have his specific formulation of the instructions given so long as the instructions given accurately convey the law. *See U.S. v. Tucker,* 137 F.3d 1016, 1036 (8th Cir. 1998). Defendant argues that the Court erred in refusing to give his theory of defense instructions; primarily "mere presence" instructions that referred to him by name and discussed the specific facts of this case. However, the Court did give instructions which fairly and accurately stated the applicable law from which Defendant could have argued a mere presence defense. *See* Instructions No. 19 (Eighth Circuit Model Jury Instruction 7.05) and No. 20 (Eighth Circuit Model Jury Instruction 8.02). Since the Court has wide discretion in its selection of jury instructions, *U.S. V. Beckman,* 222 F.3d 512, 520 (8th Cir. 2000), and the instructions given by the Court accurately state the law, Defendant was not entitled to instructions on his theory of defense.

### *D. Procedural Due Process Right to a Fair Trial*

Defendant last contends that the Government violated Defendant's right to a fair trial at two points during the trial: 1) by repeatedly "asking Defendant if the testifying officers had

---

[1] Instruction No. 2.07 for instance, should only be given when the Defendant challenges the voluntariness of his confession. *See United States v. Blue Horse,* 856 F.2d 1037, 1039-40 (8th Cir. 1988). Here Defendant never challenges that his confession was somehow coerced or involuntary, but rather, that the confession never occurred at all. Likewise, the giving of instruction No. 7.03 is not recommended by the model instructions. *Manual of Model Criminal Instructions for the Eighth Circuit* (2003) No. 7.03.

Case 6:04-cr-03023-RED   Document 105   Filed 12/05/05   Page 6 of 7

anything against Mr. Jara" and 2) by misstating more than once in closing argument that the Defendant and the Government had a stipulated agreement that Mr. Jara *knew* that he was traveling with 3,000 pounds of marijuana (Doc. 97).

With respect to Defendant's first contention, such questions were presented to Defendant on cross examination, after Defendant consistently denied that he made any confessions about transporting marijuana. Therefore, Defendant invited such inquiries by questioning the truthfulness of the Government's witnesses. As such, it was not a constitutional violation for the Government to proceed with this line of questioning at trial.

Defendant's second contention can also be easily rejected. The Court has reviewed the entire transcript of the Government's closing argument and finds no instances where the Government misstates the stipulation as Defendant contends. Moreover, even assuming, *arguendo*, that the Government had misstated the stipulation, it is likely that the remarks would not have affected the jury's verdict. *See United States v. French,* 88 F.3d 686, 689 (8th Cir. 1996). Therefore, the Court finds no misconduct rising to the level of a constitutional violation during the Government's closing argument.

Accordingly, for all of the reasons set forth above, it is hereby ORDERED that Defendant's Motion for a New Trial (Doc. 97) is **DENIED.**

**IT IS SO ORDERED.**

DATE:   December 5, 2005        */s/ Richard E. Dorr*
                                RICHARD E. DORR, JUDGE
                                UNITED STATES DISTRICT COURT