## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-3023-CR-S-RED |
| | ) | |
| CESAR RAUL JARA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Now pending before the Court is Defendant's Motion for Medical Examination (Doc. 106) and Motion to Proceed *In Forma Pauperis* (Doc. 114) on appeal with attached affidavit of financial status.[1] In this case, Defendant was found guilty of felony possession of marijuana pursuant to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) following a trial by jury. Defendant was sentenced by the Court on February 10, 2006, and he filed a notice of appeal on February 15, 2006.

Defendant's first motion states that he is in need of medical attention for deteriorating eyesight and treatment of a lump in his right arm. The Court has been advised that following Defendant's sentencing and upon assignment to a correctional facility as designated by the Federal Bureau of Prisons, Defendant will receive a complete medical examination. Therefore, Defendant's Motion for Medical Examination (Doc. 106) is **DENIED** as moot.

Defendant's second motion seeks permission to file his appeal *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. Under § 1915(a)(1), a pro-se litigant may request that the court

---

[1] Defense counsel also filed a Motion to Be Appointed (Doc. 116) on appeal pursuant to 18 U.S.C. §§ 3001 *et seq.* Defense counsel has been advised that this motion was not proper before the district court and that this motion will be forwarded with the notice of appeal to the Eighth Circuit Court of Appeals for consideration.

authorize the commencement of an action without requiring the litigant to pay any fees, costs, or security. To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. *Id.* Even if a litigant is found to be indigent, IFP status will be denied if the Court finds the litigant's appeal is not taken in "good faith." § 1915(a)(3); Fed.R.App.P. 24(a)(3).

Based on the information contained in Defendant's financial affidavit, the Court concludes that he is financially eligible for IFP status. Furthermore, the Court finds that Defendant's appeal of his conviction and sentence has been made in good faith and that his IFP application is due to be **GRANTED.**

For all the foregoing reasons, it is hereby:

ORDERED that Defendant's Motion for Medical Examination (Doc. 106) is **DENIED** as moot. It is further

ORDERED that Defendant's Motion to Proceed *In Forma Pauperis* (Doc. 114) on appeal is **GRANTED.**

**IT IS SO ORDERED.**

DATE:        March 23, 2006              */s/ Richard E. Dorr*
                                         RICHARD E. DORR, JUDGE
                                         UNITED STATES DISTRICT COURT